**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Karen Forster, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Aaron's, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Karen Forster, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1.      The Plaintiff, Karen Forster ("Plaintiff"), is an adult individual residing in Byrnedale, Pennsylvania, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

2.      Defendants Aaron's, Inc. ("Aaron's") is a Georgia business entity with an address of 309 East Paces Ferry Road, N.E., Atlanta, Georgia 30305, and is a "person" as the term is defined by 47 U.S.C.A § 153(39).

## FACTS

3.      Beginning in or around January 2014, Aaron's started calling Plaintiff's cellular telephone as many as six (6) times a day.

4.      At all times mentioned herein, Aaron's called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

5.      When she answered the ATDS calls, Plaintiff experienced a five (5) second period of silence only after which a live representative from Aaron's came on the line.

6.      At all times, Aaron's contacted Plaintiff regarding payment on Plaintiff's account.

7.      During a conversation in or around January 2014, Plaintiff requested Aaron's cease calling her cell phone.

8.      Nonetheless, Aaron's continued to place ATDS calls to Plaintiff's cell.

9.      If at one time Aaron's had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

10.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.      At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

12.      In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13.     Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiff, she was met with a period of silence before Defendant's telephone system would connect her to a live representative.

14.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant on multiple occasions to stop all calls to her and cease calling her cellular telephone.

16.     Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that she did not want to receive calls and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

3

19.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.     Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2.     Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.     Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 30, 2014

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

4